## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT GAUVIN,<br><br>                    Plaintiff,<br>v.<br><br>FANTASIA ACCESSORIES, LTD, and EDWARD AZAR, in his individual and professional capacities, and MICHAEL BLANCONE, in his individual and professional capacities,<br><br>                    Defendants. | Civil Action<br><br>2:19-cv-17565-SDW-SCM<br><br>**OPINION AND ORDER**<br><br>**[D.E. 4]** |

**STEVEN C. MANNION**, United States Magistrate Judge.

Before the Court is a motion by Defendants Edward Azar ("Mr. Azar"), Michael Blancone ("Mr. Blancone"), and Fantasia Accessories, Ltd. ("Fantasia") (collectively the "Fantasia Defendants") to dismiss or in the alternative transfer venue.[1] Plaintiff Robert Gauvin ("Mr. Gauvin") opposed the motion,[2] and the Fantasia Defendants filed a reply.[3] The Court has reviewed the parties' submissions and heard oral argument on April 23, 2020. For the reasons set forth herein, the Court transfers this matter to the United States District Court for the Southern District of New York and terminates the Fantasia Defendants' motion to dismiss as moot.

---

[1] (ECF Docket Entry No. ("D.E.") 4-1, Def.s' Mot. to Transfer Venue). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] (D.E. 9, Pl.'s Opp'n).

[3] (D.E. 10, Def.s' Reply).

I.    **BACKGROUND AND PROCEDURAL HISTORY**[4]

On about November 30, 2016, Mr. Azar, the Chief Executive Officer of Fantasia, and Mr. Blancone, President of Fantasia, contacted Mr. Gauvin with an employment opportunity with Fantasia.[5]  In December of 2016, after negotiations, Mr. Azar made a formal offer of employment to Mr. Gauvin to work at Fantasia as a Planning Director.[6] On December 9, 2016, the Fantasia Defendants confirmed their offer in an email, which included the terms of the employment offer— a promise of a six-month severance payment, five weeks of vacation time, and other employment benefits.[7] On about December 28, 2016, Mr. Gauvin accepted the offer, contingent on the six-month salary severance and five weeks of paid vacation time package.[8] Mr. Gauvin officially resigned from his former employer on about January 3, 2017, and commenced his employment with Fantasia on about January 17, 2017.[9]

In February of 2018, a motor vehicle struck Mr. Gauvin as a pedestrian in New Jersey, severely injuring him.[10] The Fantasia Defendants did not inform Mr. Gauvin of his eligibility under the Family and Medical Leave Act ("FMLA").[11] Unaware of his rights under FMLA, Mr.

---

[4] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[5] (D.E. 1, Compl. at ¶ 14).

[6] *Id*. at ¶ 16.

[7] *Id*. at ¶ 17.

[8] *Id*. at ¶ 18-19.

[9] *Id*. at ¶ 20-22.

[10] *Id*. at ¶ 26.

[11] *Id*. at ¶ 35.

Gauvin worked remotely while recuperating at home.[12] Once Mr. Gauvin's injuries had sufficiently healed, he commuted to work while wearing a leg brace.[13]

In November of 2018, Mr. Gauvin sustained a severe hip injury, which restricted his commute to work.[14] The Fantasia Defendants, again, did not inform Mr. Gauvin of his FMLA eligibility.[15] Mr. Gauvin worked remotely from his home while recuperating.[16]

In 2019, Mr. Blancone informed Mr. Gauvin that Fantasia would be making changes.[17] They hired Stuart Schulman to fulfill Mr. Gauvin's job duties.[18] Mr. Gauvin did not train Mr. Schulman, but did provide him with an overview of Fantasia's operations and computer applications.[19] When the Fantasia Defendants eventually terminated Mr. Gauvin in June of 2019,[20] Mr. Blancone informed Mr. Gauvin that his termination was not performance-based but that Fantasia was moving in a different direction.[21] At the same termination meeting, the Fantasia Defendants proposed a separation agreement and offered Mr. Gauvin a severance payment equal

---

[12] *Id*. at ¶ 28.

[13] *Id*. at ¶ 30.

[14] *Id*. at ¶ 31.

[15] *Id*. at ¶ 33.

[16] *Id*. at ¶ 31.

[17] *Id*. at ¶ 41.

[18] *Id.* at ¶ 39; (D.E. 4-3, Def.'s Declaration., at ¶ 15).

[19] (D.E. 4-3, Def.'s Declaration., at ¶ 15).

[20] (D.E. 1, Compl. at ¶ 41).

[21] *Id*. at ¶ 39.

to one month of pay.[22] Dissatisfied, Mr. Gauvin refused the offer[23] and requested the Fantasia

Defendants' compliance with the agreed-upon six-month severance pay and payout of Mr.

Gauvin's accrued and unused vacation time.[24] Mr. Azar refused to pay the severance and alleged

that Mr. Gauvin had made a planning error and was "overwhelmed with his responsibilities."[25] Mr.

Azar further noted that Mr. Gauvin was less adept, less experienced, and slower compared to his

successor.[26]

## II.     <u>MAGISTRATE JUDGE AUTHORITY</u>

Magistrate judges are authorized to decide any non-dispositive motion designated by the

Court.[27] This District has specified that magistrate judges may determine any non-dispositive pre-

trial motion.[28] Motions to transfer venue are non-dispositive.[29] Decisions by magistrate judges

must be upheld unless "clearly erroneous or contrary to law."[30]

---

[22] *Id*. at ¶ 46.

[23] *Id*. at ¶ 47.

[24] *Id*. at ¶ 42.

[25] *Id*. at ¶ 43-44.

[26] *Id*.

[27] 28 U.S.C. § 636(b)(1)(A).

[28] *See* L. Civ. R. 72.1(a)(1).

[29] *Continental Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998) (citations omitted).

[30] 28 U.S.C. § 636(b)(1)(A); *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

III.    **ANALYSIS AND DISCUSSION**

The Fantasia Defendants seek transfer of this matter on the basis that venue has been improperly laid in the District of New Jersey.

Title 28 U.S.C. § 1406(a), governs a motion to dismiss or transfer for improper venue, allowing federal courts to transfer a case to a proper venue[31] if the "interest of justice" requires transfer rather than dismissal.[32] A defendant seeking transfer of venue has the burden of proving that venue is improper.[33]

Venue is proper where a party has brought an action in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[34]

---

[31] *See* 28 U.S.C. § 1406 ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

[32] *NCR Credit Corp. v. Ye Seekers Horizon, Inc.*, 17 F.Supp.2d 317, 319 (D.N.J. 1998) ("Dismissal is considered to be a harsh remedy ... and transfer of venue to another district court in which the action could originally have been brought, is the preferred remedy.").

[33] *See Myers v. Am. Dental Ass'n*, 695 F.2d 716, 725 (3d Cir. 1981) ("the defendant should ordinarily bear the burden of showing improper venue"); *see also Reitnour v. Cochran*, 86-4869, 1987 WL 9774, at *1 n. 1 (E.D. Pa. Apr. 22, 1987) (holding that the defendant, as the movant, bears burden of proving improper venue in the context of a Section 1406(a) motion).

[34] 28 U.S.C. § 1391(b).

With regard to venue based on residence, a defendant resides wherever the court may exercise personal jurisdiction over that defendant.[35] A court may exercise either "general" or "specific" personal jurisdiction over a defendant.[36] A defendant's "continuous and systematic" contacts with the forum state determine general jurisdiction,[37] whereas specific jurisdiction arises when the defendant purposely availed its activities to the forum state[38] and when the plaintiff's claim relates to, or arises out of, the defendant's contacts with the forum.[39]

For the reasons set forth herein, the Court finds that venue is not proper in the District of New Jersey.[40]

**A.  Venue under Section 1391(b)(1)**

A civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."[41] An entity with the capacity to sue has residency "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."[42] Personal jurisdiction can be established by either general or specific jurisdiction.[43]

---

[35] 28 U.S.C. § 1391(c)(2).

[36] *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945).

[37] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984).

[38] *Walburn v. Rovema Packaging Machines, L.P.*, 07-3692, 2008 WL 852334, at *4 (D.N.J. Mar. 28, 2008) (quoting *O'Connor v. Sandy Land Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007)).

[39] *Helicopteros*, 466 U.S. at 427.

[40] *See* 28 U.S.C. § 1391(b).

[41] 28 U.S.C. § 1391(b)(1).

[42] 28 U.S.C. § 1391(c)(2).

[43] *Daimler AG v. Bauman*, 571 U.S. 117, 120 (2014).

The forum for the exercise of general jurisdiction of an individual is the individual's domicile, and a court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different state.[44] On the other hand, specific jurisdiction requires the suit to arise out of or related to the defendant's contact with the forum.[45] Stated differently, there must be "'an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'"[46] Here, the Court relies on the parties' submissions to determine whether it has general or specific jurisdiction over the Fantasia Defendants.

The Fantasia Defendants argue that this court lacks personal jurisdiction over both Mr. Azar and Fantasia.[47] Mr. Azar is a resident of New York, thus this court does not have general jurisdiction over Mr. Azar. [48]  As for Fantasia, **s**imilar to individuals, courts may exercise personal jurisdiction over corporations by establishing either general or specific jurisdiction over them. Courts typically exercise general jurisdiction over corporations when either the corporation's principal place of business or place of incorporation is within the forum state.[49] If, however, a corporation does not fit within the two paradigms of general jurisdiction, courts may look to

---

[44] *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781 (2017) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)).

[45] *Id.* (citing *Daimler AG v. Bauman*, 571 U.S. 117 (2014)).

[46] *Id.* (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

[47] Mr. Blancone's residence is not specified or addressed in the submissions of the parties. (D.E. 4-1, Def.'s Br., at 16).

[48] (D.E. 4-3, Def.'s Declaration, at ¶3).

[49] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

"whether [the] corporation's affiliations with the state are so continuous and systematic as to render it essentially at home in the forum state."[50]

Mr. Gauvin asserts that general jurisdiction exists over Fantasia because, as an employee of Fantasia, he worked remotely in and often made site visits to Fantasia's business partners in New Jersey.[51] Further, that Mr. Gauvin's FMLA claim arose in New Jersey when he was making one of his site visits[52] and that the Fantasia Defendants recruited Mr. Gauvin, a New Jersey resident, and entered into a contractual relationship with him while he was in New Jersey.[53]

The Court finds that it does not have general jurisdiction over Fantasia. In their memorandum, the Fantasia Defendants clarify that Fantasia is a New York corporation that is owned by a New York resident, and operates out of its sole office in Manhattan, New York.[54] Further, Fantasia's affiliations with New Jersey are not "so continuous and systematic" as to render it essentially at home in New Jersey because Mr. Gauvin was hired to work in Fantasia's New York office.[55] Fantasia does not maintain any bank accounts in New Jersey; does not own any property in New Jersey; none of its employees are required to travel to New Jersey for work related reasons; and less than three percent (3%) of its total revenue is generated in New Jersey.[56] The

---

[50] *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014).

[51] (D.E. 9, Pl.'s Opp'n., at 14).

[52] *Id*.

[53] *Id*. at 15.

[54] (D.E. 4-1, Def.'s Mot. to Transfer Venue, at 19).

[55] (D.E. 10-1, Def.'s Decl., at ¶¶ 2-4).

[56] *Id*. at 20.

record reflects that Fantasia did not purposely direct its activities in New Jersey because all of its activities—from interviewing, to hiring, then terminating Mr. Gauvin—occurred in New York.[57]

After careful consideration of both arguments and the record, the Court finds that it does not have general jurisdiction over Fantasia nor over Mr. Azar, because their affiliations with New Jersey do not rise to the threshold of being "continuous and systematic as to render them essentially at home" in New Jersey.[58]

To establish specific jurisdiction, (1) the defendant must have purposefully directed its activities at the forum; (2) the litigation must arise out of or relate to at least one of the contacts with the forum; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice.[59] All three elements must be met to establish specific jurisdiction.[60] Purposeful availment requires a "deliberate targeting of the forum"[61] and "a single act may satisfy the minimum contacts test if it creates a substantial connection with the forum."[62]

The Court further finds that it does not have specific jurisdiction over Fantasia or Mr. Azar because there is no indication that either deliberately targeted the forum or engaged in any

---

[57] *Id.* at 22.

[58] *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014).

[59] *See O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007).

[60] *Id.*

[61] *Id.*

[62] *Al-Ghena International Corp. v. Radwan*, 957 F. Supp. 2d 511, 528 (D.N.J. 2013); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 575 (1985)("This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, [] or of the 'unilateral activity of another party or a third person[.]') (internal citations omitted)).

activities that created substantial connections with New Jersey.[63] This litigation did not arise out of the Fantasia Defendants' contacts in New Jersey.[64] In support of this, the Fantasia Defendants argue that Mr. Gauvin's injury was merely the event which allegedly entitled him to a FMLA claim, but that Mr. Gauvin's job responsibilities do not require him to perform work in New Jersey.[65] Mr. Gauvin was never required to make any site visits during his course of employment with Fantasia.[66]

Although, there are conflicting submissions regarding Mr. Gauvin's "work-related" presence in New Jersey,[67] Mr. Gauvin never submitted a workers' compensation claim for his injury.[68] This was further highlighted during oral argument, when counsel for Mr. Gauvin failed to provide an explanation for the absence of the claim in light of Mr. Gauvin's position that he was working in New Jersey at the time of his injury.[69] Second, Fantasia is incorporated in the State of New York, and its principal place of business is in Manhattan, New York, not in New Jersey.[70] Third, the fact that Mr. Gauvin was in New Jersey when he answered work emails is insufficient

---

[63] (D.E. 4-3, Def.'s Decl., at ¶¶ 4-11); (D.E. 4-1, Def.'s Br., at 28).

[64] *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 318 (3d Cir. 2007) (finding purposeful availment exists where a company continuously mailed marketing materials and placed telephone calls to the out-of-state citizen's home for the purpose of forming an agreement to render additional services).

[65] (D.E. 10, Def.'s Reply., at 4).

[66] (D.E. 10-1, Def's Declaration, at ¶¶ 1-5).

[67] (D.E. 8-1, Pl.'s Br., at ¶¶ 16-9); (D.E. 10-1, Def.'s Decl., at ¶¶ 2-3).

[68] *Id*. at ¶ 5.

[69] Oral argument held on April 23, 2020.

[70] (D.E. 4-3, Def.'s Declaration., at ¶ 4).

for the Court to deem the Fantasia Defendants' actions to have arisen out of or that said activity was related to New Jersey.[71] In light of the above, the Court cannot exercise specific jurisdiction over the Fantasia Defendants.

**B. Venue under Section 1391(b)(2)**

Section 1391(b)(2) provides that venue is proper in the state where a substantial part of the events in the claim occurred.[72] The Court finds that venue under Section 1391(b)(2) is improper as to the Fantasia Defendants in the District of New Jersey because a substantial part of the events giving rise to the claims did not occur in New Jersey.[73] The test for determining venue pursuant to Section 1391(b)(2) is not the defendant's contacts with a particular district, but rather the location of those events or omissions giving rise to the claim.[74] Events or omissions that have only "some tangential connection" with the dispute are not considered in a venue analysis.[75] Instead, courts require that the events or omissions supporting a claim be substantial.[76] Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no

---

[71] *Remick v. Manfredy*, 238 F.3d 248, 256 (3d Cir. 2001) ("informational communications in furtherance of [a contract between a resident and a nonresident] does not establish the purposeful activity necessary for a valid assertion of personal jurisdiction over [the nonresident defendant].").

[72] 28 U.S.C. § 1391(b)(2).

[73] 28 U.S.C. § 1391(b)(2).

[74] *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994); *see also Mellon Bank (East) v. DiVeronica Bros., Inc.,* 983 F.2d 551, 557 (3d Cir.1993) ("Contracting with a resident of the forum state does not alone justify the exercise of personal jurisdiction over a non-resident defendant).

[75] *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 294-5 (3d Cir. 1994).

[76] *Id.*

relationship to the dispute.[77] In determining substantiality, courts do not require a majority of the events to take place in the district, nor that the challenged forum be the best forum for the lawsuit to be venued.[78]

In the present case, none of Fantasia's actionable conduct occurred in New Jersey. The events or omissions giving rise to the claims against it- the hiring, supervision, and termination of Mr. Gauvin- took place entirely in New York.[79] Specifically, the employment contract was negotiated while the parties were in New York; the Fantasia Defendants interviewed, hired, and terminated Mr. Gauvin as their Planning Director while in New York.[80] Additionally, none of Mr. Gauvin's responsibilities required him to work out of New Jersey.[81] Thus, the location of the events giving rise to the claims is New York and venue is not proper as to the Fantasia Defendants in New Jersey.[82]

The Court finds that venue is improper as to the Fantasia Defendants in the District of New Jersey because the majority of events related to Mr. Gauvin's claims occurred in New York. Therefore, New Jersey is an improper venue under Section 1391(b)(2).

---

[77] *Id.*; *see also Leroy v. Great. W. United Corp.,* 443 U.S. 173, 183-84 (1979 ) ("the purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial").

[78] *Id.*

[79] (D.E. 4-3, Def.'s Decl., at ¶¶ 6-10).

[80] *Id.* at ¶¶ 8-9; (D.E. 10-1, Ex. B of Def.'s Reply Br.).

[81] (D.E. 4-3, Def.'s Decl., at ¶ 10); (D.E. 10-1, Def.'s Decl., at ¶ 2).

[82] *Taube v. Common Goal Systems, Inc.*, 2011 WL 5599821, at *5 (D.N.J. Nov. 1, 2011) (substantial part of the events giving rise to an employment claim occurred at the location where the decision to terminate an employee was made).

### C.  Venue under Section 1391(b)(3)

Section 1391(b)(3) is not applicable to this case. This section only applies to cases where "there is no district in which an action may otherwise be brought."[83] Here, Mr. Gauvin could have brought this action in the Southern District of New York since a substantial portion of the events giving rise to Mr. Gauvin's claims occurred in New York.[84]

### D.  Transfer of Venue to the Southern District of New York

Having found that venue is improper as to the Fantasia Defendants in the District of New Jersey, the Court must decide whether to dismiss or transfer this matter.[85] In cases where venue is proper for one defendant but not for another and dismissal is inappropriate, the district court may transfer the entire case to another district that is proper for both defendants, or sever the claims, retaining jurisdiction over one defendant and transferring the case as to the other defendant to an appropriate district.[86] Transfer is appropriate when the conduct of a co-defendant as to whom venue is proper is central to the issues raised by the plaintiff against those subject to transfer, and severance would require the same issues to be litigated in two places.[87]

To determine whether transfer is appropriate under 28 U.S.C. § 1406, the Court must assess whether: (1) the action "could have been brought" in the Southern District of New York; and (2)

---

[83] 28 U.S.C. § 1391(b)(3).

[84] *See* 28 U.S.C. § 1391(b)(2).

[85] 28 U.S.C. § 1406(a).

[86] *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 296 (3d Cir. 1994).

[87] *Id.*

whether it is "in the interest of justice" to transfer the case to the Southern District of New York rather than dismiss it for improper venue.

First, as noted above, the Court finds that the action "could have been brought" in the Southern District of New York because Fantasia is headquartered in New York and a substantial part of the events giving rise to Mr. Gauvin's claims occurred in New York. Second, the Court finds that it is in the interest of justice to transfer the case to the Southern District of New York because Congress enacted Section 1406(a) to "avoid the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess as to the facts underlying the choice of venue."[88] The statute aims "to save the parties' time and resources."[89] Furthermore, transfer is appropriate because Fantasia is subject to personal jurisdiction in New York since Fantasia is a New York corporation with its principal place of business in New York, New York.

## V.    <u>CONCLUSION</u>

For the foregoing reasons, the Court concludes that venue is not proper in the District of New Jersey and it is in the interest of justice to transfer this case to the Southern District of New York. Because the Court concludes that transfer is appropriate, the Court terminates the Motion to dismiss as moot.

An appropriate order follows.

---

[88] *Eviener v. Eng*, No. 12-2245, 2013 WL 6450284, at *5 (D.N.J. Dec. 6, 2013) (citations omitted).

[89] *Konica Minolta, Inc. v. ICR Company d/b/a iCRco, Inc.*, No. 15-1446, 2015 WL 9308252, at *5 (D.N.J. Dec. 22, 2015).

## <u>ORDER</u>

**IT IS** on this Thursday, June 04, 2020,

1.  **ORDERED** that Defendants' motion to transfer is **GRANTED**; and it is further

2.  **ORDERED** that the Clerk of the Court shall transfer this action to the Southern District of New York; and it is further

3.  **ORDERED** that the Clerk of the Court shall administratively terminate Defendant Fantasia's Motion to dismiss, [D.E. 4] as moot. *See* Fed. R. Civ. P. 83(b) and Local Civ. R. 83.3.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

6/4/2020 5:47:32 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
        File